Dear Major Sonnier:
This office is in receipt of your March 14, 2005 request for an Opinion from the Attorney General. In your request, you posed three questions relating to the provision of insurance policies by the Vermilion Parish Sheriffs Office (to some of its employees). In furtherance of your inquiry, you provided a narrative concerning the situation's history.
Your concerns and the Attorney General's response to those concerns are presented as follows:
 1. is the vpso entitled to the cash surrender checks because, we, or our predecessor. paid the bulk (85% to 95%) of the premiums for these policies?
 2. if those individual policies purchased in 1984 list the insured officers as the owner of the policy is the vpso entitled to a portion of the cash surrender checks?
 3. Only one former officer received a check at his residence, the rest came to the VPSO, and that former officer is listed as the policy owner. this former officer paid just over $20.00 a month while the VPSO contributed over $200.00 a month for this policy. who is entitled to the cash surrender check and should there be a percentage breakdown between the former officer and the VPSO?
Our response to your inquiry is as follows. Stated simply, the policy owner is generally entitled to the policy's cash surrender value because it is considered to be the "proceeds and avails" of the policy.[1] And we were unable to find any authority which would stand for the proposition that because the Vermilion Parish Sheriff's Office paid the "bulk" of the premiums (as you described it, between 85% — 95%), it is entitled to the *Page 2 
cash surrender value. For information concerning life insurance, we would respectfully refer you to La. Rev. Stat. § 22:161, et seq.
Based upon the aforementioned, we would respectfully suggest the Vermilion Parish Sheriff's Office should take whatever steps it deems necessary to rectify the situation.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 __________________________
 DAVID A. YOUNG
 Assistant Attorney General
 JDC:DAY
[1] See generally 15 William Shelby McKenzie and H. Alston Johnson III, Louisiana Civil Law Treatise § 258 (3rd Ed. 2006); Succession ofJackson, 402 So.2d 752, 756 (La.App., 1981).